UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT GERBER,                           :
                                        :
            Petitioner                  :  No. 4:CV-09-0223
                                        :
      vs.                               :  Petition Filed 2/03/09)
                                        :
PA. ATTORNEY GENERAL,                   :  (Judge Muir)
                                        :
            Respondent                  :

## MEMORANDUM AND ORDER

April 28, 2010

Petitioner, Scott Gerber, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Lebanon County, Pennsylvania. (Doc. 1). For the reasons that follow, the Court will deny the petition.

## I.  Background

The following background has been extracted from the Pennsylvania Superior Court's April 1, 2008 Opinion affirming the denial of Gerber's petition pursuant to the Post Conviction Relief Act (PCRA):

>    We previously set forth the protracted
>    history of this case as follows:
>
>    On July 12, 1996, Appellant was charged
>    with one count each of Criminal Attempt to

Commit Criminal Homicide, Aggravated Assault, Rape, Burglary, and Unlawful Restraint in connection with a violent assault effectuated upon a co-worker. On December 4, 1996, Appellant was tried before a jury regarding the charges lodged against him. At trial, it was established that Appellant had been flirting with the victim, who was Appellant's co-worker at McDonald's restaurant. While the victim was undressing in her home one evening, Appellant appeared at the victim's house. The victim tried to run out of the house, but Appellant grabbed her and wrapped a vacuum cleaner cord around her neck. Appellant then had vaginal sexual intercourse with the victim while he inflicted cuts upon the victim's body. Appellant left the victim for dead. The jury convicted Appellant of all of the charges lodged against him. On January 22, 1997, the trial court sentenced Appellant to an aggregate term of fourteen (14) years, six (6) months to forty-five (45) years' imprisonment as a result of his convictions. Appellant filed Post Sentence Motions, which subsequently were denied by the trial court. Appellant took no direct appeal of his judgment of sentence.

Subsequently, Appellant filed two separate [PCRA petitions], which alleged, inter alia, that Appellant's trial counsel was ineffective for failing to file a direct appeal. After a protracted period of inactivity and then the issuance of this Court's order on September 22, 2004, Appellant filed a motion on September 27, 2004, for a hearing on the claims he raised in his first PCRA petition. The trial court held a hearing on November 18, 2004, at

which time Appellant filed a motion to
compel DNA testing. The trial court granted
Appellant's motion, and after Appellant
received the results of the DNA tests which
did not physically link him to the crime
scene, he filed a motion for a new trial on
September 9, 2005.

On November 18, 2005, the [PCRA] court
determined that Appellant's claim,
contained in his first PCRA petition, that
his trial attorney was ineffective for
failing to file a direct appeal, was
meritorious. Accordingly, the [PCRA court]
reinstated Appellant's direct appeal rights
nunc pro tunc.

Commonwealth v. Gerber, 909 A.2d 870 (Pa.
Super. 2006) (unpublished memorandum)
(citations and footnotes omitted). Thereafter,
Appellant filed a direct appeal wherein he
raised issues challenging whether there was
sufficient evidence to sustain his convictions
and the discretionary aspects of his sentence.
On August 15, 2006, a panel of this Court
affirmed the judgment of sentence. Id.
Appellant's subsequent petition for allowance
of appeal was denied by our Supreme Court on
December 29, 2006. Commonwealth v. Gerber, 591
Pa. 661, 916 A.2d 631 (2006).

On February 1, 2007, Appellant filed the
instant PRA petition. On April 12, 2007, the
PCRA court issued notice to Appellant, pursuant
to Pennsylvania Rule of Criminal Procedure
907(1), indicating its intention to dismiss the
PCRA petition and an accompanying opinion. On
May 8, 2007, the PCRA court issued an order
denying relief and dismissing the PCRA
petition. This timely appeal followed.

> ...Accordingly, after a comprehensive review of Appellant's arguments, we have discerned the following issues for our review:
>
> 1. Whether prior counsel was ineffective for failing to emphasize the importance of the 2005 DNA test results to the court?
>
> 2. Whether prior counsel was ineffective for failing to file pre-trial motions and for failing to ask for a judgment of acquittal?
>
> 3. Whether prior counsel was ineffective for failing to object to the victim's testimony?

Commonwealth v. Gerber, 953 A.2d 828 (Pa.Super. April 1, 2008) (Table, No. 1016 MDA 2007)(footnote omitted)(Doc. 5, copy attached at Ex. 16).

By Memorandum Order filed April 1, 2008, the Pennsylvania Superior Court affirmed the PCRA court's denial of Gerber's PCRA petition. Id. Petitioner filed for allowance of appeal to the Pennsylvania Supreme Court, which was denied on October 1, 2008. Commonwealth v. Gerber, 598 Pa. 773, 958 A.2d 1047 (Pa. Oct. 1, 2008) (Table, No. 288 MAL 2008).

On February 3, 2009, Gerber filed the instant petition for writ of habeas corpus in which he raises the following challenges to his conviction and sentence:

4

1.  Twice tested DNA samples exclude petitioner
    and the victim's husband, which indicates
    a third party. The DNA evidence obtained
    from victim's clothing revealed
    "unidentified" male genetic profile.

2.  Counsel was ineffective for failing to
    request dismissal of all charges because
    DNA results excluded petitioner.

3.  Counsel was ineffective for failing to move
    for directed verdict of acquittal because
    there was no evidence linking petitioner to
    crime.

(Doc. 1, petition).

In accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Gerber that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 2). On March 16, 2009, Gerber returned the notice of election form, indicating that he wished to proceed with the petition for

writ of habeas corpus as filed.  (Doc. 3).  Thus, a Show Cause

Order was issued on March 31, 2009.  (Doc. 4).  Although a

response was filed, (Docs. 5, 6), petitioner elected not to

file a traverse.  The petition is now ripe for disposition.

## II.  **Standards of Review**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is

the proper mechanism for a prisoner to challenge the "fact or

duration" of his confinement.  <u>Preiser v. Rodriquez</u>, 411 U.S.

475, 498-499 (1973).  "[I]t is not the province of a federal

habeas court to reexamine state-court determinations on

state-law questions."  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-8

(1991).  Rather, federal habeas review is restricted to claims

based "on the ground that [petitioner] is in custody in

violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2254(a); <u>Estelle</u>, 502 U.S. at

67-8 (1991); <u>see also</u> <u>Pulley v. Harris</u>, 465 U.S. 37, 41

(1984); <u>Johnson v. Rosemeyer</u>, 117 F.3d 104 (3d Cir. 1997).


### A.  **Exhaustion**

"A federal court may not grant a writ of habeas corpus

unless (1) 'the applicant has exhausted the remedies available in the courts of the state', (2) no such state remedy is available or (3) available remedies are ineffective to protect the applicant's rights.  28 U.S.C. § 2254(b)(1)."  <u>Henderson v. Frank</u>, 155 F.3d 159, 164 (3d Cir. 1998).  "The exhaustion requirement is satisfied when the state courts have had an opportunity to pass upon and correct alleged constitutional violations."  <u>Evans v. Court of Common Pleas, Delaware County, Pa.</u>, 959 F.2d 1227, 1230 (3d Cir. 1992).  The exhaustion requirement "is not a mere formality.  It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a federal prisoner's federal rights."  <u>Gibson v. Scheidemantel</u>, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition...."  <u>Santana v. Fenton</u>, 685 F.2d 71, 77 (3d Cir. 1982).

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies.  <u>McMahon v. Fulcomer</u>, 821 F.2d 934, 940 (3d Cir. 1987). The threshold

inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." <u>Lines v. Larkins</u>, 208 F.3d 153, 159 (3d Cir. 2000), cert. denied, 531 U.S. 1082 (2001). Fair presentation requires that the "substantial equivalent" of a petitioner's federal habeas claims be presented to the state courts. <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997).

The respondent concedes that Petitioner has exhausted his state court remedies. The merits of the claims will therefore be addressed.

### B. **Merits**

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

8

the United States; or

(2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that

the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions) Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson vs. Virginia, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the

findings of fact material to the conviction." <u>Breighner v.</u> <u>Chesney</u>, 301 F. Supp 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[1]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. <u>Porter</u>, 276 F. Supp 2d at 296; <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 408-09 (2000); <u>Hurtado v. Tucker</u>, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. <u>Porter</u>, 276 F. Supp 2d at 296; <u>see also</u> <u>Williams</u>, 529 U.S. at 408-09.

III. <u>Discussion</u>

1. <u>Sufficiency of Evidence</u>

Gerber asserts that the DNA evidence presented at trial categorically excluded him as the perpetrator of the alleged

---

[1] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

11

offenses. (Doc. 1, petition).

In its analysis, on direct review, of the sufficiency of the evidence, the Pennsylvania Superior Court was guided by the following standard of review:

We begin our analysis by noting:

> A challenge to the sufficiency of the evidence is a question of law. In reviewing the sufficiency challenge, we must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt. We may not weight the evidence and substitute our judgment for that of the fact-finder. Issues of witness credibility are the province of the fact-finder, not the appellate court. However, where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law.

Commonwealth v. Heater, 899 A.2d 1126, 1131 (Pa. Super. 2006)(citations omitted).

Commonwealth v. Gerber, 909 A.2d 870 (Pa.Super. Aug 15, 2006) (Table, NO. 68 MDA 2006).

The state superior court reviewed the factual record and concluded that "evidence admitted at trial was sufficient to support Appellant's conviction." Id. at 8.

A criminal defendant may be convicted only "upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). The Supreme Court announced the federal standard for determining the sufficiency of the evidence to support a conviction in Jackson v. Virginia, 443 U.S. 307 (1979). Although direct evidence may be more probative of a fact, circumstantial evidence alone may suffice for a finding of guilt beyond a reasonable doubt. Id. at 324-25; see also Fed. Power Comm'n v. Fla. Power & Light Co., 404 U.S. 453, 469 & n. 21 (1972) ("[E]ven in criminal cases, guilt beyond a reasonable doubt often can be established by circumstantial evidence.") (quoting Ind. & Mich. Elec. Co. v. Fed. Power Comm'n, 365 F.2d 180, 184 (7th Cir.1966)).

Under Jackson, the federal court is to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

_Id_. at 319 (emphasis in original). Federal review of a sufficiency of the evidence claim under _Jackson_ must be based upon state law, that is, the substantive elements of the crime as defined by applicable state law. _Id_. at 324 n. 16. The credibility of witnesses, the resolution of conflicts of evidence, and the drawing of reasonable inferences from proven facts all fall within the exclusive province of the fact finder and, therefore, are beyond the scope of federal habeas review. _Id_. at 309; _see also Johnson v. Mechling_, 541 F. Supp. 2d 651, 666-67 (M.D. Pa. 2008).

The state court applied a sufficiency of evidence standard that is indistinguishable from the _Jackson_ standard. It found the evidence sufficient to support the jury verdict, and Gerber has made no showing that this determination rests upon an unreasonable determination of the facts.

Under Pennsylvania law, a person is guilty of attempt to commit criminal homicide if "a person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime". _See_ 18 Pa.C.S.A. § 901. A person is guilty aggravated assault if he:

14

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

18 Pa.C.S.A. § 2702. A person commits a felony of the first degree (rape) when the person engages in sexual intercourse with a complainant:

(1) By forcible compulsion.

(2) By threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

(3) Who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.

(4) Where the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance.

(5) Who suffers from a mental disability which renders the complainant incapable of consent.

18 Pa.C.S.A. § 3121. Under Pennsylvania law:

(a) A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S.A. § 3502(a). Finally, a person commits the offense of unlawful restraint if he knowingly:

(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or

(2) holds another in a condition of involuntary servitude.

18 Pa.C.S.A. § 2902.

At petitioner's trial, testimony was introduced concerning the results of DNA testing. (Doc. 5, Trial Transcript, N.T. 151-153). Detective Steven Bord testified that a biological stain was located on the underwear of the victim and that the stain was tested for DNA material. Id. DNA material extracted from the stain was identified as being that of the victim and her husband. Id. Detective Bord acknowledged that there was no DNA material located linking Petitioner to the crime. Id. Contrary to petitioner's claim, DNA evidence did not implicate an unknown third party. However, although the DNA evidence did not prove that

16

petitioner was the perpetrator of the crime, it also did not establish that some other person committed the crime as petitioner contends.

Thus, the Superior Court held that there was sufficient evidence to support Petitioner's convictions of attempt to commit criminal homicide, aggravated assault, rape, burglary, and unlawful arrest, relying on the following evidence:

> In the case *sub judice,* careful review reveals that the Commonwealth presented ample evidence to establish that Appellant was at the crime scene. First and foremost, the victim, a former co-worker of Appellant, positively identified Appellant as her assailant. Moreover, Appellant's cellmate, James Bell, testified that Appellant admitted raping the victim and leaving her for dead.

Commonwealth v. Gerber, 953 A.2d 828 (Pa.Super. Apr. 1, 2008) (Table, NO. 1016 MDA 2007). The state court's analysis is cogent and entirely consistent with federal standards. Petitioner is, therefore, not entitled to relief.

Based on the foregoing, this Court finds that the Pennsylvania Superior Court's decision to deny petitioner relief was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.

## 2.  **Ineffective Assistance of Counsel**

In <u>Strickland v. Washington</u>, 466 U.S. 668, 688,(1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." <u>Id</u>. at 687; accord <u>Deputy v. Taylor</u>, 19 F.3d 1485, 1493 (3d Cir.1994).

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688; accord <u>Jermyn v. Horn</u>, 266 F.3d 257, 282 (3d Cir.2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689; accord <u>Jermyn</u>, 266 F.3d at 282; <u>Berryman v. Morton</u>, 100 F.3d 1089, 1094 (3d Cir.1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, <u>Strickland</u>, 466 U.S. at 689, because "substantial deference is to be accorded counsel's

18

tactical decisions." <u>United States v. Wiener</u>, 127 F.Supp.2d 645, 648 (M.D.Pa.2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. <u>See</u> <u>Burger v. Kemp</u>, 483 U.S. 776, 794, (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. <u>Hartey v. Vaughn</u>, 186 F.3d 367, 372 (3d Cir.1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; accord <u>Frey v. Fulcomer</u>, 974 F.2d 348, 358 (3d Cir.1992) "Without proof of both deficient performance and prejudice to the defense ... it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." <u>Bell</u>, 535 U.S. at 695 (internal quotations and citation omitted). In assessing whether the result of the proceeding might have been different, a

reviewing court must consider the "totality of the evidence before the judge or jury." <u>Strickland</u>, 466 U.S. at 695; <u>Jermyn</u>, 266 F.3d at 283.   However, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground the defendant was not prejudiced." <u>Rolan v. Vaughn</u>, 445 F.3d 671, 678 (3d. Cir. 2006).   "The object of an ineffective assistance claim is not to grade counsel's performance.   If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."   <u>Id</u>.

At the time the state court reviewed the claims raised by Gerber, <u>Strickland's</u> familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims.   Under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the <u>Strickland</u> test.   <u>See</u>, <u>e.g.</u>, <u>Commonwealth v. Pierce</u>, 515 Pa. 153, 527 A.2d 973, 975-77 (Pa.1987). The Third Circuit Court of Appeals has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not

20

contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n.

9 (3d Cir.2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d

Cir.2000). Thus, under § 2254(d)(1), the relevant inquiry in

addressing an ineffectiveness claim that has been adjudicated

on the merits is whether the Pennsylvania's Supreme Court's

decision involved an unreasonable application of Strickland.

Jacobs, 395 F.3d at 107 n. 9; Werts, 228 F.3d at 204.

Petitioner's remaining two claims allege trial counsel's

ineffectiveness for failing to file a pre-trial motion to

quash the results of the DNA tests and for failing to move for

a directed verdict judgment of acquittal. (Doc. 1, petition).

These issues were addressed by the Pennsylvania Superior

Court on appeal from the denial of Gerber's PCRA petition.

The state court held the following:

> Appellant first argues that prior counsel was
> ineffective for failing to emphasize the importance
> of DNA test results, which Appellant contends
> establish that he was not at the scene of the crime.
> Essentially, Appellant claims that his evidence
> challenges the credibility of the victim's testimony
> and allows the jury to infer that another individual
> could have committed the crimes in question.
>
> Our review of the record reflects that the results
> of DNA testing performed in 1996 and 2005 were
> identical. Results from both tests failed to

establish the presence of Appellant's DNA in the samples taken from the crime scene and from the victim's person. Rather, the results indicated that the victim's DNA was present at the scene. Detective Steven Bord, a qualified expert, testified at trial that no evidence was obtained from the scene linking anyone other than the victim and her husband to the scene of the crime. N.T., 12/4-5/1996, at 153. While this physical evidence does not prove that Appellant was the perpetrator of the crimes, it also does not establish that a person other than Appellant was involved in the incident. Therefore, Appellant's contrary argument lacks merit. Accordingly, because there is no merit to the underlying claim, Appellant has failed to establish the ineffective assistance of prior counsel.

Appellant next argues that trial counsel was ineffective for failing to file a pre-trial motion to quash the results of the DNA tests and for failing to move for a judgment of acquittal. Regarding Appellant's claim that counsel should have filed a motion to preclude the admission of the DNA test results, we are aware of the fact that the results failed to establish that Appellant was at the scene of the crime. It would appear that such results would actually favor Appellant at trial. Thus, we conclude that such evidence was not prejudicial to Appellant. Moreover, we fail to see how Appellant has presented a reasonable probability that the outcome of the proceedings would have been different if the DNA results had not been admitted at trial. Accordingly, this claim fails to offer Appellant an avenue of relief.

Next, concerning Appellant's claim that trial counsel was ineffective for failing to move for a judgment of acquittal, our review of the record reflects that counsel did, in fact, move for a

judgment of acquittal.  N.T., 12/4-5/1996, at 231.
Thus,   the   record   belies   Appellant's   argument.
Therefore, in light of the fact that trial counsel
actually presented the motion Appellant now argues
should have been presented, the underlying claim
lacks merit.   Accordingly, this challenge to the
effective assistance of counsel also fails.

In denying Gerber's claim, the Superior Court used the

ineffective   assistance   of   counsel   test   articulated   in

Commonwealth v. Pierce, 724 A.2d 916, 921 (Pa. 1999), which

the Third Circuit has held is not contrary to Strickland.

Jacobs, supra. Therefore, the legal standard applied by the

Pennsylvania Superior Court to Gerber's PCRA petition was not

contrary to Supreme Court precedent.  Applying the principles

enunciated in Pierce, the Pennsylvania Superior Court found

petitioner's claims to be without merit, and as a result,

trial counsel not ineffective.  The Superior Court's decision

to deny the ineffective assistance of counsel claim was not

unreasonable.   Thus,   habeas   relief   is   unavailable   under

§ 2254(d), and the Court will deny the petition.

An   appropriate   Order   accompanies   this   Memorandum

Opinion.

s/Malcolm Muir
MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT GERBER,                        :
                                     :
          Petitioner                 :   No. 4:CV-09-0223
                                     :
     vs.                             :   Petition Filed 2/03/09
                                     :
PA. ATTORNEY GENERAL,                :   (Judge Muir)
                                     :
          Respondent                 :

**ORDER**

April 28, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

  1.   The petition for writ of habeas corpus
       (Doc. 1), is **DENIED** pursuant to 28 U.S.C.
       § 2254(d).

  2.   The Clerk of Court is directed to **CLOSE**
       this case.

  3.   There is no basis for the issuance of a
       certificate of appealabilty.  See 28 U.S.C.
       § 2253(c).


                    s/Malcolm Muir
                    MUIR
                    United States District Judge